UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

VERNON JONES, VLADIMIR KRULL,          :
THOMAS MITCHELL, COMPTON MOHABIR
and CORYDON UMBER                       :

                    Plaintiffs,          :

               - against -          :

TINA M. STANFORD, in her official capacity   :
as Chairwoman of the New York State Board
of Parole, and ANTHONY ANNUCCI, in his       :
official capacity as Acting Commissioner of the
New York State Department of Corrections     :
and Community Supervision

                 Defendants.          :

------------------------------------------------------------------ X

20 Civ. 1332 (RJD) (JRC)

**STIPULATION OF
SETTLEMENT AND
ORDER**

This **SETTLEMENT STIPULATION, INJUNCTION, RELEASE, AND ORDER OF DISMISSAL** ("Stipulation of Settlement") is made by and between Plaintiffs Vernon Jones, Vladimir Krull, Thomas Mitchell, Compton Mohabir and Corydon Umber ("Plaintiffs") and Defendants Tina M. Stanford and Anthony Annucci, in their official capacities as Chairwoman of the New York State Board of Parole and Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS") ("Defendants"), as follows:

**WHEREAS**, on March 12, 2020, Plaintiffs commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 and the First Amendment to the United States Constitution, in this Court, Case Number 20 Civ. 1332, against Defendants and then filed an Amended Complaint on June 1, 2020;

1

**WHEREAS**, the Complaints challenged the enforcement of a provision of New York's Electronic Security and Targeting of Online Predators Act ("e-STOP") banning social media access, N.Y. Exec. Law § 259-c(15), and Department of Corrections and Community Supervision ("DOCCS") Directives Nos. 9201 and 9202 implementing the social media ban and additional internet restrictions as facially unconstitutional and unconstitutional as applied to Plaintiffs; and

**WHEREAS**, on June 15, 2020, Defendants filed an Answer to the Amended Complaint;

**WHEREAS**, on July 13, 2020, Plaintiffs moved the Court for a preliminary injunction enjoining the enforcement of e-STOP's social media ban and Directive No. 9201; and

**WHEREAS**, by Opinion and Order dated September 9, 2020, *see* ECF No. 37, the Court granted Plaintiffs' motion for a preliminary injunction, and "enjoined e-STOP and Directive No. 9201 to the extent they apply wholesale to Registrants who have not used the internet to facilitate the commission of their underlying sex offense;"

**WHEREAS**, on October 16, 2020, Defendants submitted a proposed plan to bring DOCCS into complete compliance with the preliminary injunction within ninety (90) days, *see* ECF No. 42, to which plan Plaintiffs did not object;

**WHEREAS**, on October 27, 2020, the Court approved Defendants' plan to bring DOCCS into compliance with the preliminary injunction;

**WHEREAS**, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

**WHEREAS**, Plaintiffs and Defendants now wish to fully resolve the claims alleged in the Action, without further litigation or proceedings before any court or other forum, and without admission of fault or liability and have negotiated in good faith for that purpose; and

**WHEREAS**, neither any of the Plaintiffs nor any of the Defendants is an infant or

2

incompetent person;

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation of Settlement, Plaintiffs and Defendants hereby agree as follows:

1. **Dismissal of the Action With Prejudice**

Except for the limited retention of jurisdiction set forth in Paragraphs 2, 3 and 24, the Action, and all claims asserted therein, are discontinued with prejudice against all Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), without further relief, payments, attorneys' fees, costs, disbursements, or expenses beyond those specified in Paragraphs 4-11 and 23 below.

2. **Conversion of the Court's Preliminary Injunction of the Social Media Ban Into a Permanent Injunction**

Upon the Court's signature of this Stipulation of Settlement, the terms of the Court's September 9, 2020 Preliminary Injunction Order concerning social media restrictions shall be converted into a permanent injunction. Defendants, in their official capacities, and all of their successors, officers, and employees are hereby permanently enjoined from enforcing e-STOP's social media ban, N.Y. Exec. Law § 259-c(15), and DOCCS Directive No. 9201 as to Registrants who have not used the internet to facilitate the commission of their underlying sex offense. The Board, Parole Officers and Senior Parole Officers may only impose individualized restrictions on Registrants' social media access where there are articulable registrant-specific circumstances that: 1) raise a legitimate and particularized concern about the Registrant's risk of reoffending by using social media, and/or 2) indicate that restrictions on a Registrant's access to social media will be the most suitable, least restrictive means of ensuring compliance with a specific goal of rehabilitation. Any such restrictions should be narrowly tailored and the least restrictive method of promoting these goals. To the extent Defendants revise, rescind, or supersede Directive No.

3

9201, any revised or new Directive concerning social media shall be consistent with the terms of this Settlement and this Permanent Injunction.

### 3.  Injunction Concerning Access to the Internet and Internet-Capable Devices

The parties agree that, upon the Court's signature on this Stipulation of Settlement and subject to the terms of paragraph 4 and 7, Defendants shall be enjoined from enforcing DOCCS Directive No. 9202 to the extent it imposes restrictions on access to the internet and internet-capable devices by Registrants who have not used the internet to facilitate the commission of their underlying sex offense, except for restrictions prohibiting access to pornographic material or internet-based communications with individuals or groups for the purpose of promoting sexual relations with persons under the age of eighteen. For such Registrants who have not used the internet to facilitate the commission of the underlying sex offense, prior approval shall not be required to use the internet or own an internet-capable device. Notwithstanding the above, the Board, Parole Officers, and Senior Parole Officers may impose individualized restrictions on Registrants' internet access where there are articulable registrant-specific circumstances that: 1) raise a legitimate and particularized concern about the Registrant's risk of reoffending by using the internet, and/or 2) indicate that restrictions on a Registrant's access to the internet will be the most suitable, least restrictive means of ensuring compliance with a specific goal of rehabilitation.

### 4.  Individualized Conditions Concerning Social Media and Internet Access

Registrants who have not used the internet to facilitate the commission of their underlying sex offense are presumptively to be permitted access to the internet and social media by Parole Officers and Senior Parole Officers, except as to pornographic materials or to communicate with individuals or groups for the purpose of promoting sexual relations with persons under the age of eighteen.

The Board, Parole Officers and Senior Parole Officers may impose restrictions on internet or social media use only where there are articulable registrant-specific circumstances that: 1) raise a legitimate and particularized concern about the Registrant's risk of reoffending by using the internet, and/or 2) indicate that restrictions on a Registrant's access to the internet or social media will be the most suitable, least restrictive means of ensuring compliance with a specific goal of rehabilitation.

As used in this Stipulation of Settlement, registrant-specific circumstances include but are not limited to: (i) facts indicating the use or threatened use of the internet for unlawful activity, including a Registrant's past unlawful use of the internet; (ii) credible information that the Registrant is using, or will use the internet to reoffend in the near future; (iii) statements from the Registrant indicating that they will reoffend by using the internet; (iv) or facts reflecting a connection between the Registrant's misuse of the internet and the ability to complete a specific goal of rehabilitation.

In determining whether to impose any restrictions and what restrictions to impose, if warranted by articulable registrant-specific circumstances, the Board, Parole Officers and Senior Parole Officers shall consider the importance of internet and social media access to Registrants' rehabilitation. Restrictions on a Registrant's right to access the internet or social media imposed by the Board, Parole Officers and Senior Parole Officers, under this paragraph will be narrowly tailored to limit access to no more internet or social media activity than is necessary to prevent recidivism or ensure that an articulable goal of rehabilitation is met. To the extent restrictions are imposed, Parole Officers will enter such restrictions in the form of a special condition, note the restrictions in CMS, and compose a written rationale for the imposition of such restrictions, which shall be included in the Registrant's file and provided to the Registrant.

For restrictions that are imposed to ensure that rehabilitative goals are met, in the written rationale provided the Board, Parole Officers, and Senior Parole Officers shall identify the specific goal of rehabilitation that is being negatively impacted by internet or social media usage, and how limiting internet or social media access is necessary and the least restrictive means to ensure that the rehabilitative goal is met.

5. **The Plaintiffs' Access to the Internet and Social Media**

Defendants shall issue amended supervision conditions consistent with paragraphs 2, 3 and 4 to Plaintiffs Vernon Jones, Vladimir Krull, Thomas Mitchell, Compton Mohabir, and Corydon Umber within 10 days of the Court's signature on this Stipulation of Settlement. Plaintiffs' revised conditions may not restrict the possession, ownership, or use of the internet or internet-capable devices including smartphones, except as to pornographic materials or to communicate with individuals or groups for the purpose of promoting sexual relations with persons under the legal age of consent. Defendants shall further, within ten 10 days of the Court's signature on this Stipulation of Settlement, remove the parole condition requiring that Vladimir Krull install monitoring software on his computer to use the internet. Following the Court's signature on this Stipulation of Settlement, Defendants will not modify or amend Plaintiffs' supervision conditions to require the installation of monitoring software unless articulable registrant-specific circumstances arising after the Court's signature raise a legitimate concern about their risk of reoffending absent such a condition. The factors to be considered in determining whether to require the installation of monitoring software shall include a Registrant's past unlawful use of the internet, credible information that the Registrant will use the Internet to reoffend in the near future, or statements from the Registrant indicating that they will offend by using the internet.

6. **Appeal From Decision Restricting Registrants Internet Access And Access To Social Media**

6

Registrants shall be informed of the Parole Grievance Program ("PGP") and appeal procedures set forth in Directive 9402 after any restriction on internet or social media access is imposed. Registrants who are challenging imposed restrictions on access to social media and the internet shall follow the procedure set forth in paragraph VI B(4) of Directive 9402. In the context of challenging internet and social media restrictions, "alleged occurrence" in paragraph VI (A)(2) shall mean either when the Registrant received the written notification of the restriction from their parole officer or when they requested a modification or the restriction and were actually or constructively denied. Registrants will acknowledge their understanding of the PGP by signing the Parole Grievance Program Acknowledgement Form. The Registrant shall be provided a copy of the Parole Acknowledgement Form and receipt of same will be documented in Defendants' Case Management System. Copies shall also be placed in the Registrant's case folder and Community Supervision Central File folder. Conditions restricting access to social media and internet that are imposed by Parole Officers shall not be considered "non-grievable issues" under paragraph V(D) of Directive 9402. For Registrants issued social-media restrictions after the Preliminary Injunction was issued in this case, these Registrants shall again be informed of the PGP and appeal procedures and asked to acknowledge understanding of the PGP by signing the Parole Grievance Program Acknowledgement promptly after this Stipulation of Settlement is "So ordered."

7. **Implementation Period Concerning Limitations on Internet Restrictions**

Defendants shall have one hundred and twenty (120) days from the Court's signature on this Stipulation of Settlement to comply with the terms set forth in paragraphs 2 and, 3 and the terms set forth in paragraph 4 concerning internet restrictions. Defendants shall use procedures for compliance that are similar to those set forth in the Court-approved plan set forth at Docket No. 42.

8. **Training**

Defendants will provide training to Parole Officers, Senior Parole Officers, and relevant staff of the Board and DOCCS concerning the substantive terms of this Stipulation of Settlement and any revised or superseding Directives. Training and guidance materials used in this regard will inform Parole Officers that Registrants have a First Amendment right to access the internet and social media; and that Parole Officers may impose restrictions on internet or social media use where registrant-specific circumstances: 1) raise a legitimate and particularized concern about the Registrant's risk of reoffending by using the internet, and/or 2) indicate that restrictions on a Registrant's access to social media that will be the most suitable, least restrictive means of ensuring compliance with a specific goal of rehabilitation. Prior to implementation, Plaintiffs' counsel shall have the opportunity to review and provide comments on proposed training materials.

9. **Reports to be Provided to Plaintiffs' Counsel**

Defendants will create a report to be provided to Plaintiffs' counsel, with supporting documentation as necessary, in a form sufficient to indicate whether or not there is substantial compliance with the terms of paragraphs 2-8 in this Stipulation of Settlement. This report will include at least: (i) the number of Registrants whose conditions have been revised pursuant to the Stipulation of Settlement; (ii) the number of people subject to Board-imposed internet or social-media restrictions; (iii) the number of people subject to parole officer-imposed conditions restricting internet or social-media access; and (iv) the number of people completely banned from using the internet or social media. In connection with each report, Defendants shall sample twenty-five percent (25%) of randomly-chosen Registrants with supervision conditions that restrict internet and/or social media access in each of the seven (7) community supervision regions (Western New York, Central New York, Hudson Valley, Bronx, Manhattan/Staten Island,

Brooklyn, Queens/Long Island), and shall produce a copy of such conditions and corresponding written rationales for each of the Registrants sampled, up to a maximum of one hundred (100) total Registrants across all regions for each report.

The first such report will be provided one hundred and eighty (180) days after the Stipulation of Settlement is "So Ordered" by the Court, the second report will be provided one hundred and twenty (120) days thereafter, and additional reports will be provided every six (6) months thereafter, with the fourth and final report to be provided twenty-two (22) months after the Stipulation of Settlement is "So Ordered" by the Court. Defendants will also provide Plaintiffs' counsel final versions of revised or superseded Directives 9201 and 9202 when issued.

### 10.  Payment of Costs and Attorneys' Fees

In full consideration of Plaintiffs' execution of this Stipulation of Settlement, their agreement to be bound by its terms, and their undertakings as set forth herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York, on behalf of Defendants, shall pay to Plaintiffs' counsel the sum of One Hundred Thousand ($100,000.00) Dollars, in attorneys' fees, for which an I.R.S. Form 1099 shall be issued to Plaintiffs' counsel, in full and complete satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiffs had, have, or may have against Defendants, whether in their individual or official capacities, arising out of conduct, acts, or omissions which are raised in the Complaints in this Action prior to, up to and including the date of this Settlement Stipulation, including those alleged in this Action including any attorneys' fees, costs, disbursements, and expenses incurred by Plaintiffs for any and all counsel who have assisted Plaintiffs or at any time, represented Plaintiffs in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of

the claims asserted or purportedly asserted arising out of the claims that are raised in the Complaints in this Action. A check in the amount of One Hundred Thousand ($100,000.00) Dollars shall be drawn to the order of and payable to the New York Civil Liberties Union Foundation and forwarded to the New York Civil Liberties Union c/o Molly Biklen, Esq., at 125 Broad St., Fl. 19, New York, NY 10004.

**11. State Approval of Payments**

Payment of the attorney's fees specified in Paragraph 10 of this Stipulation of Settlement is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiffs and Plaintiffs' counsel agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

**12. Release**

In consideration of the payment of the sum recited in Paragraph 10 of this Stipulation of Settlement, and the other good and valuable consideration described herein, the sufficiency of which is hereby acknowledged, Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors, and assigns (the "Releasing Party") hereby release and forever discharge each of the Defendants, DOCCS, the Board of Parole, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), together with all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (the "Released Parties") from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and

10

demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the

Releasing Party ever had against some, any, or all of the Released Parties, for or by reason of any

act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the

date of this Stipulation of Settlement regarding or arising out of the causes of action, acts,

transactions, occurrences, or omissions which are described, alleged, or contained in the

Complaints in this Action.

### 13. No Other Action or Proceeding Commenced

Other than the Action, which will be dismissed pursuant to this Stipulation of Settlement,

except as provided herein in paragraphs 1 and 24, Plaintiffs represent and warrant that they have

not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding

of any kind against Defendants, DOCCS, the Board of Parole, the State of New York (including,

but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their current

or former officials, employees, or agents, whether in their individual or official capacities, on their

own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged

class of persons, except for the action captioned, *Krull v. Annucci*, No. 21-cv-3395 (S.D.N.Y.),

which is currently pending, and acknowledges that this representation constitutes a material

inducement for Defendants to enter into this Stipulation of Settlement.

### 14. No Other Attorney

Plaintiffs and Plaintiffs' counsel represent and warrant that there is no attorney having a

lien for services rendered to Plaintiffs pursuant to the provisions of N.Y. Judiciary Law § 475 or

otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions,

occurrences, or omissions asserted or purportedly asserted in the Action.  Plaintiffs agree to defend,

indemnify, and hold harmless Defendants, DOCCS, the Board of Parole, the State of New York

(including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiffs in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

### 15. No Prevailing Party

Neither Plaintiffs nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 16. Successors and Assigns

The terms and conditions of this Stipulation of Settlement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 17. Authority

Each signatory to this Stipulation of Settlement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Stipulation of Settlement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation of Settlement.

### 18. Voluntary Agreement

The parties hereto execute and deliver this Stipulation of Settlement voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they understand its terms, contents and effect. The parties hereto acknowledge that they are aware, and are advised, of their right to seek the advice of an attorney and that they have been represented by counsel of their own

choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or anyone acting on behalf of such party.

19. **No Admission of Liability**

It is understood and agreed that any action taken or payments made pursuant to this Stipulation of Settlement are made solely to avoid the burdens and expense of protracted litigation, and that this Stipulation of Settlement and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims whether asserted or purportedly asserted in the Action, or as constituting any admission of wrongdoing or liability on the part of the Defendants, DOCCS, the Board of Parole, the State of New York, or any of their current and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, personally and in their official capacities. Except as set forth in the paragraphs 1 and 2, nothing contained in this Stipulation of Settlement shall be deemed to constitute a policy, practice, or custom of DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities.

20. **Entire Agreement**

This Stipulation of Settlement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Stipulation of Settlement, and may not be clarified, modified,

changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

**21. Severability**

If any provision of this Stipulation of Settlement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**22. Headings**

The headings contained in this Stipulation of Settlement are for convenience of reference only and are not a material part of this Stipulation of Settlement.

**23. Execution**

This Stipulation of Settlement may be executed in any number of counterparts, all of which taken together shall constitute one Stipulation of Settlement and may be executed by facsimile signature and facsimile notary seal.

**24. Retention of Jurisdiction By The Court and Dispute Resolution Provisions**

This Court shall retain jurisdiction to enforce the terms of this Stipulation of Settlement for a period of two (2) years from the date the Stipulation of Settlement is "So Ordered" by the Court.

Should Plaintiffs determine that Defendants have failed to materially comply with any term(s) of the Stipulation of Settlement, Plaintiffs' counsel shall provide written notifications of such non-compliance to Defendant, who shall respond in writing to any such notification within thirty (30) days. The parties agree to engage in good-faith discussions and/or negotiations concerning the alleged non-compliance prior to seeking relief from the Court.

Should Defendants agree that they have not complied with the specified terms of the Decree, the parties shall attempt to agree on a date or dates by which Defendants shall come into

14

compliance. Should Defendants dispute the determination of non-compliance by Plaintiffs or if the parties cannot agree on a date or dates by which Defendants will come into compliance after good-faith negotiations between the parties, Plaintiffs may apply to the Court for an order directing specific performance of that term or terms. If the Court issues an order of specific performance pursuant and Plaintiffs believe that Defendants have failed to comply with that order, Plaintiffs may seek immediate relief from the Court, including contempt. Plaintiffs reserve their right to seek attorneys' fees and costs with respect to any enforcement of compliance with this Decree, as governed by applicable law, and Defendants reserve their rights to oppose an award of costs and fees as contrary to law or not warranted.

Dated:  New York, New York
        January 19, 2022

**NEW YORK CIVIL LIBERTIES UNION FOUNDATION**

By: _____
    Molly K. Biklen, Esq.
    Daniel R. Lambright, Esq.
    Terry Ding, Esq.
    125 Broad St., Fl. 19
    New York, NY 10004
    (212) 607-3338
    mbiklen@nyclu.org
    dlambright@nyclu.org
    tding@nyclu.org


**RUTGERS CONSTITUTIONAL RIGHTS CLINIC**

By: _____
    Alexis Karteron, Esq.
    Center for Law & Justice
    123 Washington Street
    Newark, NJ 07102
    (973) 353-3239
    alexis.karteron@law.rutgers.edu

15

**PRISONERS' LEGAL SERVICES OF NEW YORK**

By:  _James Bogin, Esq._
     James Bogin, Esq.
     41 State Street, Suite M112
     Albany, NY 12207
     jbogin@plsnyny.org

*Attorneys for Plaintiffs*

**LETITIA JAMES**
Attorney General
State of New York

By:  _Bruce J. Turkle_
     Daniel Schulze, Esq.
     Bruce J. Turkle, Esq.
     Assistant Attorney General
     18 Liberty Street, 18th Floor
     New York, NY 10005
     (212) 416-8254
     daniel.schulze@ag.ny.gov
     bruce.turkle@ag.ny.gov

*Attorneys for Defendants*

Dated: New York, New York
       January ___ 19, 2022

**SO ORDERED:**

                    s/RJD
**Hon. Raymond Dearie, U.S.D.J.**

Dated: Brooklyn, New York
       January 4, 2022

16